UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON P., | : | |
| | : | |
|     Plaintiff, | : | Case No. 2:23-cv-3018 |
| v. | : | |
| | : | Chief Judge Algenon L. Marbley |
| COMMISSIONER OF SOCIAL SECURITY, | : | Magistrate Judge Karen Litkovitz |
| | : | |
|     Defendant. | : | |

**ORDER**

Plaintiff, Sharon P., an Ohio resident, seeks review of a final decision of the Commissioner of Social Security finding that her disability ceased on October 21, 2016, such that she no longer qualified for disability insurance benefits (DIB) after that point. (ECF No. 6). In her statement of errors, Plaintiff lodged just one challenge to the Administrative Law Judge ("ALJ")'s findings: that the ALJ "failed to adequately account for [Plaintiff's] need for no more than superficial interactions with others resulting in an inaccurate residual functional capacity [("RFC")]." (ECF No. 10 at 10).

The Magistrate Judge then issued a Report and Recommendation ("R&R") recommending that this Court sustain Plaintiff's statement of errors and reverse and remand the Commissioner's decision for further proceedings with instructions to the ALJ to reevaluate the opinion of Dr. Gary Bennett, a psychological expert, in accordance with this decision; to reassess plaintiff's RFC; and for further medical and vocational development as warranted." (ECF No. 13 at 17). In support of this, the R&R explained that "the ALJ's assessment of Gary Bennett, Ph.D., is not supported by substantial evidence" because the ALJ failed to provide "a cogent explanation as to why she assessed [P]laintiff was less limited than Dr. Bennett opined based on his review of the exact same evidence." (*Id.* at 11, 14). Based on Sixth Circuit case law, "common sense dictates that when a

1

Social Security medical expert and the ALJ rely on the very same mental health evidence to reach functionally disparate findings, the ALJ is impermissibly supplanting the role for which the mental health professional was hired by Social Security" when the ALJ comes to a contrary conclusion "[w]ithout pointing to some other evidence that [the doctor] did not consider or articulating why [the doctor]'s assessment of this evidence was unwarranted." (*Id.* at 14, 15).

Both parties were advised of their rights to object to the R&R within fourteen days and of the rights they would waive by failing to do so. (*Id.* at 18). This Court has reviewed the R&R. No objections have been filed, and the time for filing such objections under Fed. R. Civ. P. 72(b) has expired. Finding the R&R to be correct in fact and law, this Court hereby **ADOPTS** the R&R (ECF No. 13) and **REVERSES AND REMANDS** the Commissioner's decision for further proceedings consistent with the R&R.

    **IT IS SO ORDERED.**

                                                       **ALGENON L. MARBLEY**
                                                       **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 28, 2024**